**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

JUN 9 2023

FOR THE NINTH CIRCUIT

EDGAR FRANCESCOLY SERRANO-PORTILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-879

Agency No. A216-610-839

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Edgar Francescoly Serrano-Portillo (Serrano-Portillo), a native and

citizen of Honduras, petitions for review of the Board of Immigration Appeals'

(BIA) decision affirming the Immigration Judge's (IJ) denial of his application

for asylum, withholding of removal, and protection under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. When, as here, the BIA adopts and affirms the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and also provides its own review of the evidence and law, we review both the BIA's decision and the IJ's decision. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.      Because Serrano-Portillo failed to exhaust his challenge to the denial of CAT protection, we deny this portion of the petition. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023); *Umana-Escobar v. Garland*, —— F.4th ——, 2023 WL 3606117, at *5 (9th Cir. May 23, 2023).

2.      Substantial evidence supports the agency's denial of asylum and withholding of removal because Serrano-Portillo failed to establish past persecution or a well-founded fear of future persecution. Agencia Técnica de Investigación Criminal (ATIC) agents alerted Serrano-Portillo that the agency had received information that a criminal group was plotting to kill him. The agents advised him to obtain a weapon to protect himself. Even if the agents' warning can be construed as a threat to Serrano-Portillo's life from government officials, there is no other evidence supporting a finding of past persecution. Serrano-Portillo was not otherwise harmed, threatened, or confronted with violence following the warning. As the threat itself was not so imminent or "so

2

menacing as to cause significant actual suffering or harm," the threat alone does not compel a finding of past persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)).

Next, substantial evidence supports the agency's determination that Serrano-Portillo's fear of future persecution was not objectively reasonable. Serrano-Portillo conceded he was not aware of ATIC agents removing journalists from their homes, nor could he identify other journalists persecuted by the Honduran government. And while a 2018 Honduras Human Rights Report describes harassment and threats against journalists, these few reported incidents were not attributed to the government. The report further describes ATIC's role in investigating human rights violations by the Honduran national police and the military police, which are turned over to the Public Ministry for prosecution. While Serrano-Portillo may genuinely fear that the Honduran police or other government actors would target him for his political reporting, the record does not establish that his fear is objectively reasonable. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007).

**PETITION DENIED.**